THE O'MARA LAW FIRM, P.C.
DAVID C. O'MARA
NEVADA BAR NO. 8599
311 East Liberty St.
Reno, Nevada 89501
(775) 323-1321
(775) 323-4082 (fax)

JOSHUA L. SEIFERT PLLC
Joshua L. Seifert, Esq.
*Pro Hac Vice*
jseifert@seifertpllc.com
175 Varick Street
New York, NY 10014
(646) 470-2647

SLARSKEY LLC
David Slarskey, Esq.
*Pro Hac Vice*
dslarskey@slarskey.com
800 Third Avenue, 18th Floor
New York, NY 10022
(212) 658-0661

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ADDISON HEMPEL, CASSIDY HEMPEL, CHRISTINE HEMPEL, HUGH HEMPEL, and SOLUTION THERAPEUTICS,<br><br>Plaintiffs,<br><br>v.<br><br>CYDAN DEVELOPMENT, INC., CYDAN II, INC., VTESSE, INC., SUCAMPO PHARMACEUTICALS, INC., and DOES I-X and ROE CORPORATIONS I-V, inclusive,<br><br>Defendants. | Case No. 3:18-cv-00008-MMD-CBC<br><br>**FIRST AMENDED STIPULATION AND PROTECTIVE ORDER** |

1  The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing this action, it is therefore hereby

ORDERED that any person subject to this First Amended Stipulation and Protective Order ("this Order")—including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms:

1. <u>Scope</u>.  This Order shall govern all information produced in connection with this action in any form to any persons, including, without limitation, deposition testimony and exhibits, testimony taken at a hearing or other proceeding, interrogatory answers, documents and other discovery materials (whether produced informally or in response to interrogatories), requests for admissions, requests for production of documents, or other formal methods of discovery.  This Order shall also govern all information produced, exchanged, or served in this action pursuant to required disclosures under any federal procedural rule, and any supplementary disclosures thereto.

2. <u>Confidentiality</u>.  Any person subject to this Order who receives from any other person any information of any kind—whether document, testimony, or any other form—provided in the course of this action ("Discovery Material") that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted by this Order.

3. <u>Definition of "Confidential."</u>  The person producing any given Discovery Material may designate as "Confidential" any Discovery Material or portion of Discovery Material that contains non-public business, commercial, financial, or personal information within the meaning of Fed. R. Civ. P. 26(c)(1)(G), the public disclosure of which is either restricted by law or could, in the good faith opinion of the producing person, adversely affect a person's or entity's privacy

2

interests or obligations or a person's or entity's policy, business, commercial, financial, or personal interests.

4. <u>Designation Process</u>.  With respect to the Confidential portion of any Discovery Material other than deposition and pre-trial transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the document or protected portion of the document in a manner that will not interfere with legibility or audibility. Deposition and pre-trial testimony and exhibits may be designated as Confidential either on the record during the deposition or within 5 days of receipt of the transcript.

5. <u>Designation of Confidential Discovery Material after Production</u>.  The failure to designate Discovery Material as Confidential at the time of production shall not constitute a waiver of such designation.  At any time prior to the trial of this action, any Discovery Material produced without a "Confidential" designation may be designated by any party as Confidential by informing all parties in writing that the Discovery Material should be treated as Confidential under this Order.  Upon receipt of such notice, all parties and persons subject to this Order shall treat such information consistent with the redesignation going forward.

6. <u>Use of Confidential Information</u>.  Each party and all persons bound by the terms of this Order shall use any Discovery Material designated Confidential only in connection with the prosecution or defense of this action, except by consent of the designating and producing parties or by order of the Court; provided, however, that the foregoing shall not apply to Discovery Material that is or becomes part of the public record or otherwise falls under one of the exceptions described below in paragraph 13.

7. <u>Disclosure of Confidential Information</u>.  No person subject to this Order shall disclose any Discovery Material designated as Confidentialto any other person, except:

   a. the parties to this action, including their affiliates and their current and former agents and employees who are assisting with or making decisions concerning this action, to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the

3

1  prosecution or defense of this action, and provided such persons have first executed the
2  Non-Disclosure Agreement attached to this Order;
3  b. counsel retained specifically for this action, including any paralegal, clerical, and other
4  assistant employed by such counsel and assigned to this matter;
5  c. the author of the Confidential Discovery Material, and any person indicated on the face
6  of the material as having received a copy of it;
7  d. any witness called to testify at deposition or any witness whom counsel for a party in
8  good faith believes may be called to testify at trial or deposition in this action, provided
9  such person has first executed the Non-Disclosure Agreement attached to this Order;
10 e. any person retained by a party to serve as an expert witness or otherwise provide special-
11 ized advice to counsel in connection with this action and their staffs, provided such per-
12 son has first executed the Non-Disclosure Agreement attached to this Order;
13 f. court reporters, videographers, and their respective staffs employed in connection with
14 this action; and
15 g. the Court and Court personnel.

Prior to any disclosure of any Confidential Discovery Material to any person referred to above in subsections (a), (d), and (e), such person shall be provided by counsel with a copy of this Order and shall sign the Non-Disclosure Agreement attached to it. Counsel shall retain each signed Non-Disclosure Agreement.

8. <u>Filings Under Seal</u>.  The parties will use reasonable efforts to minimize the use of Confidential Discovery Material in court filings.  Unless otherwise permitted by statute, rule, or prior court order, papers filed with the court under seal shall be accompanied by a contemporaneous motion for leave to file those documents under seal, and shall be filed consistent with the court's electronic filing procedures in accordance with Local Rule IA 10-5. Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court. *Kamakana v. City & Cnty. of Honolulu,* 447 F.2d 1172 (9th Cir. 2006); *Pintos v. Pac. Creditors Ass'n*, 605 F.3d

4

665, 677-78 (9th Cir. 2010). A party wishing to include Confidential Discovery Material in a court filing shall give the designating party prior notice and an opportunity to request that the material be filed under seal.

9. <u>Court Proceedings and Trial</u>. Nothing in this Order restricts the parties' rights to use Confidential Discovery Material in court proceedings or as trial exhibits. If Confidential Discovery Material is used in open court during any court proceeding or filed as a trial exhibit, the material shall lose its confidential status and become part of the public record unless a party applies for and obtains an order from this Court specifically maintaining the confidential status of particular material. Prior to any court proceeding in which Confidential Discovery Material might be used, counsel for the parties shall confer in good faith on the appropriate procedures for protecting the confidentiality of such material.

10. <u>Objections to Designations and Heighted Designations</u>. Any party who either objects to any designation of confidentiality, or who requests further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the opposing party a written notice stating with particularity the grounds of the objection or request. If the parties cannot reach a prompt agreement respecting the objection, the parties may seek a ruling from the Court.

11. <u>Inadvertent Disclosure of Confidential Discovery Material</u>. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. In the event that such material is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure or loss of confidentiality shall immediately inform the party that produced the material of all pertinent facts relating to the disclosure or loss of confidentiality, including the identities of the persons to whom the disclosure was made. The party responsible for such disclosure shall make reasonable efforts to prevent further disclosure or loss of confidentiality.

12. <u>Inadvertent Production and Clawback of Privileged Information</u>.  If, in connection with this action, a party inadvertently discloses information subject to a claim of attorney-client privilege or work-product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of attorney-client privilege or work-product protection with respect to the Inadvertently Disclosed Information and its subject matter.  If a party determines that it has produced Inadvertently Disclosed Information, it shall notify the party receiving the information of this fact in writing ("Clawback Request").  Upon receipt of such notification, the receiving party shall refrain from any further examination and disclosure of the claimed Inadvertently Disclosed Information and shall, within five business days, destroy all copies of the Inadvertently Disclosed Information and any documents and things that contain information derived from such Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.  A receiving party may move the Court for an order compelling production of the Inadvertently Disclosed Information.  The motion shall be filed under seal and shall not assert as a ground for entering such an order the fact of or circumstances surrounding the inadvertent production or subsequent Clawback Request.  For purposes of this section, it shall be irrelevant which party initially discovers the inadvertently or mistakenly produced items that are otherwise properly subject to a claim of attorney-client privilege or work-product protection.

13. <u>Exceptions to Confidential Status</u>.  This Order shall not apply to information that is or was available to the public prior to disclosure.  The restrictions contained in this Order shall not apply to information that is, was, or becomes available to the public other than by an act or omission of the party to whom such disclosure is made, or that is legitimately and independently acquired from a source not subject to this Order.  This Order shall not apply to and, thus, does not restrict any party's use or disclosure, for any purpose, of its own Confidential Discovery Material.

14. <u>Third Parties</u>.  The terms of this Order apply to Confidential information obtained from or provided by a nonparty.  Information provided by a nonparty in connection with this ac-

tion and designated Confidential pursuant to the terms of this Order shall be protected by the remedies and relief provided by this Order. A nonparty who produces Confidential Discovery Material in accordance with this Order may seek to enforce this Order in this litigation. The parties shall include this Order along with any subpoenas they serve on any nonparties.

15. <u>Subpoenas</u>. If any person in possession of Confidential Discovery Material receives a subpoena or other compulsory process ("Demand") seeking the production or disclosure of such material, that person shall give written notice to counsel for the party that designated the Discovery Material as Confidential within 14 days of receipt of the Demand. The written notice shall identify the Confidential Discovery Material sought and provide a copy of the Demand itself. The person receiving the Demand must object to the production of the Confidential Discovery Material on the grounds of this Order. Nothing herein shall be construed as requiring a person receiving Confidential Discovery Material or anyone else covered by this Order to challenge or appeal any order requiring production of Confidential Discovery Material covered by this Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court or any other court. Compliance with a Demand will not constitute a violation of this Order.

16. <u>Survival</u>. This Order shall survive the termination of this action. Within 60 days of the final disposition of this action, including all possible appeals, all Discovery Material designated as "Confidential," including copies, shall be destroyed. However, outside counsel for the parties shall be entitled to retain court papers, deposition and trial transcripts, and litigation files (including attorney work product and Confidential Discovery Material), provided that such counsel and employees for such counsel shall maintain the confidentiality thereof and shall not disclose such materials to any person except pursuant to a court order or agreement with the designating and producing parties or otherwise required by law.

17. <u>Order Not a Waiver or Admission</u>. This Order shall not be construed as an admission by any party that any document or other evidence is discoverable, relevant, authentic, or admissible or as a waiver of any right to object to the discoverability, relevance, authenticity, or

admissibility of any document or other evidence. Further, nothing in this Order constitutes an admission by any party that any Confidential Discovery Material is a trade secret or is otherwise confidential and/or proprietary to a party.  The parties acknowledge that they may decline to dispute the designation of Discovery Material as "Confidential" for purposes of this Order and this action merely as a matter of convenience and discovery efficiency.  The designation of Discovery Material as "Confidential" shall not be admissible as evidence that the Discovery Material is confidential or a trade secret or that any person or party believes the Discovery Material to be confidential or a trade secret.  The parties specifically reserve the right to argue that Discovery Material is not confidential and/or not a trade secret notwithstanding its designation as such in this action.

18. <u>HIPAA Qualified Protective Order</u>.  It is the intent of the parties and Court that this Order be deemed a "qualified protective order" under HIPAA, as set forth in the implementing regulations for that statute found at 42 C.F.R. § 164.512(e)."

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

DATED: October 9, 2018

| | |
|---|---|
| */s/ David C. O'Mara* | */s/ E. Leif Reid* |
| David C. O'Mara | E. Leif Reid |
| Nevada Bar No. 8599 | Nevada Bar No. 5750 |
| THE O'MARA LAW FIRM, P.C. | LEWIS ROCA ROTHGERBER CHRISTIE LLP |
| 311 E. Liberty St. | One East Liberty Street |
| Reno, NV  89501 | Suite 300 |
| (775) 323-1321 | Reno, NV 89501-2128 |
| david@omaralaw.net | Telephone: (775) 823-2900 |
| JOSHUA L. SEIFERT PLLC | |
| Joshua L. Seifert, Esq. | Paul B. Gaffney (*pro hac vice*) |
| *Pro Hac Vice* | Jessica Bodger Rydstrom (*pro hac vice*) |
| 175 Varick Street | Benjamin M. Stoll (*pro hac vice*) |
| New York, NY 10014 | Amanda J. Cox (*pro hac vice*) |
| (646) 470-2647 | WILLIAMS & CONNOLLY LLP |
| jseifert@seifertpllc.com | 725 Twelfth Street, N.W. |
| | Washington, DC 20005 |
| SLARSKEY LLC | Telephone: (202) 434-5000 |
| David Slarskey, Esq. | |
| *Pro Hac Vice* | *COUNSEL FOR DEFENDANTS* |
| 800 Third Avenue, 18th Floor | |
| New York, NY 10022 | |
| (212) 658-0661 | |
| dslarskey@slarskey.com | |

*COUNSEL FOR PLAINTIFFS*

**IT IS SO ORDERED**

Dated: _October 18, 2016._   _____

UNITED STATES MAGISTRATE JUDGE

9

## **NON-DISCLOSURE AGREEMENT**

I, _____, declare under penalty of perjury that I have read in its entirety and understand the First Amended Stipulation and Protective Order that was issued by the United States District Court for the District of Nevada on _____ in case No. 3:18-cv-00008.  I agree to comply with and to be bound by all the terms in this Order, and I understand and acknowledge that failure to so comply will expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclosure in any manner any information that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Nevada for the limited purpose of the enforcement of this Order, even if such enforcement occurs after termination of this action.


Dated: _____     Signed: _____